IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE KEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1087-N |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charlene Key seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including arthritis related to a right ankle injury, degenerative joint disease in her left knee, chronic low back pain, depression, and a skin condition known as hidradenitis suppurativa ("HS"). After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on December 4, 2003. At the time of the hearing, plaintiff was 56 years old. She has a high school equivalency diploma and past work experience as a physical therapy aide, a billing clerk, and a customer service agent. Plaintiff has not engaged in substantial gainful activity since September 29, 2000.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from a combination of medically determinable impairments that were "severe," including post-traumatic arthritis related to a bimalleolar fracture of the right ankle, degenerative joint disease of the left knee, and chronic low back pain, the judge concluded that such impairments did not meet or equal any of the impairments listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity for the full range of sedentary work and could perform her past relevant work as a physical therapy aide, a billing clerk, and a customer service agent. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In two grounds for relief, plaintiff contends that: (1) the ALJ failed to apply the correct legal standard at Step 2 of the sequential evaluation analysis in implicitly finding that her HS is not a "severe" impairment; and (2) the finding that she can perform the full range of sedentary work is not supported by substantial evidence.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the

evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ used the wrong legal standard in implicitly finding that her HS is not a severe impairment. The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard has been applied and remand the claim to the Commissioner for reconsideration. *Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001).

The hearing decision in this case does not mention *Stone* or a case of similar import. Nor does it expressly recite the construction given by the courts to section 404.1520(c). Rather, the ALJ merely paraphrased the text of the regulation itself. (Tr. at 19) ("A medically determinable impairment or combination of impairments is 'severe' if it significantly limits an individual's physical or mental ability to do basic work activities."). This raises a presumption that the incorrect standard was used to evaluate the severity of plaintiff's impairments. *Eisenbach*, 2001 WL 1041806 at *6. Although the Commissioner may rebut this presumption by showing that the ALJ applied the correct legal standard despite his failure to use the "magic words" of *Stone* and its progeny, that showing is not made here. Instead, the Commissioner argues that *Stone* applies only when a claimant has been found not disabled at Step 2 of the sequential evaluation analysis. (*See* Def. MSJ Br. at 7-8). The court disagrees. The Fifth Circuit has never held that *Stone* applies only to cases where the

claimant is found not disabled at Step 2. To the contrary, the failure to apply the correct standard to the severity requirement has been held to be an independent and sufficient reason to require remand in cases adjudicated beyond the second step of the sequential evaluation analysis. *See, e.g. Loza*, 219 F.3d at 393, 398-99 (case adjudicated at Step 5); *see also Kennedy v. Barnhart*, No. 4-03-CV-778-Y, op. at 9 (N.D. Tex. Sept. 24, 2004) (rejecting as "specious" identical argument that *Stone* applies only to cases adjudicated at Step 2).

Alternatively, the Commissioner argues that the ALJ's failure to cite *Stone* is harmless error because plaintiff's HS would not be considered a severe impairment even under the "slight abnormality" standard. The medical evidence establishes that plaintiff suffers from HS, a chronic condition which causes large cysts or lesions to erupt on her skin. (*See* Tr. at 184-88, 231-32). Oftentimes, the cysts become infected and have to be surgically removed. (*Id*. at 231). In her application for disability benefits and at the administrative hearing, plaintiff reported that her HS causes severe pain and affects her attendance at work. (*Id*. at 76, 115, 453). This evidence is sufficient to trigger an inquiry as to whether plaintiff's HS meets the standard of non-severity articulated in *Stone* and constitutes a disabling impairment. The case should be remanded for that purpose.[1]

### RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[1] In her reply brief, plaintiff argues for the first time that this court should decide that her HS is a disabling impairment and award her disability insurance benefits. (*See* Plf. Reply Br. at 15). However, it would be inappropriate for a federal district court to decide that question in the first instance.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE